UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| CLAUDE L. ROYSTON and ROYSTON, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | 3:21-CV-00287-DCLC-HBG |
| v. | ) ) ) | |
| ELIZABETH PAULEY and JOSHUA SOLLER, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Plaintiffs commenced an eviction action against Defendants in the General Sessions Court for Grainger County, Tennessee by issuing detainer summons on December 15, 2020 and July 15, 2021 [Doc. 4, pgs. 1–4]. On August 9, 2021, pro se Defendant Elizabeth Pauley removed the action to this Court, alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331 [Doc. 1]. Federal courts are courts of limited jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Therefore, a state action may only be removed to federal court when the court has original jurisdiction. 28 U.S.C. § 1441(a). After removal, if the district court determines that it lacks subject matter jurisdiction, it must remand the case. 28 U.S.C. § 1447(c).

The defendant bears the burden of establishing the existence of subject matter jurisdiction. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). When diversity jurisdiction under 28 U.S.C. § 1332 is not present, as here, original jurisdiction of the district court must be based on a federal question, which exists when the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Courts apply the "well-pleaded complaint" rule, which provides that "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*,

1

482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)). Here, the eviction action relied exclusively upon state law. Defendant asserts in her notice of removal that the eviction proceedings deprived her of certain constitutional rights and rights under the Fair Housing Act [Doc. 1, pg. 1]. However, "federal counterclaims and defenses are 'inadequate to confer federal jurisdiction,'" and do not "establish an objectively reasonable basis for removal." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914–15 (6th Cir. 2007) (citations omitted).

Based on the foregoing, the Court lacks subject matter jurisdiction over this action. Accordingly, this case is hereby **REMANDED** to the General Sessions Court for Grainger County, Tennessee. The Clerk is **DIRECTED** to close this case and mail a certified copy of this order to the Clerk of the General Sessions Court for Grainger County, Tennessee.

SO ORDERED:

s/ Clifton L. Corker
United States District Judge